UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80476-ROSENBERG/BRANNON

ROYAL PALM PROPERTIES, LLC,
a Florida limited liability company,

    Plaintiff,

vs.

PINK PALM PROPERTIES, LLC,
a Florida limited liability company,

    Defendant.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
ALL REFERENCES TO PLAINTIFF'S PRIOR LAWSUITS**

    Plaintiff, ROYAL PALM PROPERTIES, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Motion in Limine to exclude all evidence of, and reference to, any and all prior lawsuits involving Plaintiff, and states as follows:

    1.    On or around April 17, 2017, Plaintiff initiated this action against the Defendant, PINK PALM PROPERTIES, LLC ("Defendant"), based on Defendant's unauthorized use of Plaintiff's federally registered trademark, "Royal Palm Properties" (hereinafter "Trademark"), on Defendant's own website located at www.pinkpalmproperties.com.

    2.    During the course of discovery, Defendant has repeatedly attempted to probe into Plaintiff's prior ligation history that has no relevance to this action in what appears to be a clear strategy to distract from and confuse the real issues in dispute.

    3.    For instance, Defendant has repeatedly attempted to obtain information related to Plaintiff's 2010 case Royal Palm Properties v. Premier Estate Properties, Inc., Gerard Liguori,

1

Joseph Liguori and Carmen D'Angelo, Jr. (the "First Premier Lawsuit"), filed in the United States District Court for the Southern District of Florida ("Southern District").

4. The First Premier Lawsuit was filed eight years ago, prior to the registration of the federally registered Trademark at issue in this case, based primarily on violations by a competitor of Plaintiff of the Anti-Cybersquatting provisions of the Federal Lanham Act, which is distinguishable from Plaintiff's claim of trademark infringement filed against Defendant in the case sub judice, as well as too far remote in time to have any relevance hereto.

5. Furthermore, Defendant has also directed discovery towards information related to the following cases:

(a) Plaintiff's 2013 case Royal Palm Properties v. Premier Estate Properties, Inc., Gerard Liguori, Joseph Liguori and Carmen D'Angelo, Jr (the "Second Premier Lawsuit"), filed in the Southern District;

(b) Plaintiff's 2011 case Royal Palm Properties v. Caldwell Banker Residential Real Estate, LLC, Todd Warren Schleicher, Ann Elyse Rutherford, and Luke R. Redigan ("Coldwell Banker Lawsuit"), filed in the Southern District; and

(c) Plaintiff's 2009 case David W. Roberts and Royal Palm Properties, LLC v. Christie's Great Estates, Inc., Rick S. Felberbaum and Felberbaum & Associates, P.A. ("Christie's Lawsuit"), filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida.

6. At a discovery hearing held on February 1, 2018, the Court sustained Plaintiff's objections to Defendant's discovery requests related to the aforementioned cases on relevance grounds based on the fact that they were all claims for either false advertising, unfair competition, or libel—none of which has any connection to a claim for trademark infringement. In connection

with the foregoing, the Court issued an Order Memorializing Court Rulings at the Discovery Hearing [D.E. 78].

7. Given Defendant's actions thus far in this case, Plaintiff is concerned that Defendant will attempt to introduce evidence and elicit testimony concerning issues related to Plaintiff's prior litigation history that have absolutely no relevance to this action in an effort to confuse the jury and unfairly prejudice the Plaintiff.

8. As such, Plaintiff requests that this Court preclude Defendant from introducing evidence or eliciting testimony with respect to the foregoing, based on the strong potential for prejudice to Plaintiff's case as discussed herein below.

## **MEMORANDUM OF LAW**

Pursuant to Florida District Courts, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 U.S. Dist. LEXIS 62969 at *2 (S.D. Fla. June 2, 2011). Although motions in limine are generally disfavored, "[a] motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory . . ." *Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz, LLP*, 2011 U.S. Dist. LEXIS 82758 at *14 (M.D. Fla. July 28, 2011). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *In re Seroquel Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 124798 at *276 (M.D. Fla. Jan. 30, 2009).

"Evidence may be excluded when the probative value is outweighed by its prejudice." *In re Seroquel Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 124798 at *277. Pursuant to Rule 402 of the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Moreover, with respect to even potentially relevant evidence, Rule 403 of the Federal Rules of Evidence states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.*

All of Plaintiff's prior lawsuits referenced above have absolutely no bearing on the issues to be determined in this case. Plaintiff filed this action against Defendant based on Defendant's infringement on Plaintiff's Trademark. It is inconceivable how complaints related to Anti-cybersquatting, false advertising, unfair competition, and libel have any relevance to Defendant's unauthorized use of Plaintiff's federally registered Trademark—as determined by the Court when it sustained Plaintiff's objections to discovery related to the Second Premier Lawsuit, the Coldwell Banker Lawsuit, and the Christie's Lawsuit.

Furthermore, even if the Court determines that the above-referenced lawsuits may have some relevance to the Plaintiff's claim, the probative value of any information in connection therewith would be substantially outweighed by either (a) the danger of unfair prejudice, (b) confusion of the issues, (c) misleading the jury, (d) by considerations of undue delay, (e) waste of time, or (d) needless presentation of cumulative evidence. As of today's date, Defendant has not set forth any cognizable justification for why information related to any of Plaintiff's prior lawsuits would be relevant to this case. As evidenced by a review of the record, none of the affirmative defenses or counterclaims set forth in Defendant's Second Amended Answer, Affirmative Defenses, and Counterclaims [D.E. 49] relate to the issues contained in Plaintiff's previous lawsuits, which is a strong indication that Defendant has only sought discovery of these matters in an attempt to cause delay and obfuscate the issues raised in this case as well as to harass Plaintiff.

Allowing the Defendant to introduce evidence and elicit testimony related to any of the above-referenced cases, or any other litigation in which Plaintiff has been involved, will only confuse the issues in this case and ultimately mislead the jury, which will result in unfair prejudice to the Plaintiff. As such, Plaintiff requests that the court preclude Defendant from introducing evidence or eliciting testimony with respect to the First Premier Lawsuit, the Second Premier Lawsuit, the Coldwell Banker Lawsuit, and the Christie's Lawsuit, and any other litigation or legal proceedings in which Plaintiff has been involved.

WHEREFORE, Plaintiff respectfully requests this Court grant this Motion, preclude Defendant from introducing evidence or eliciting testimony of the immaterial and irrelevant issues set forth herein, and for any further relief this Court deems just and appropriate.

Dated: February 28, 2018                                   Respectfully submitted,


                                                By: /s/ Thomas U. Graner
                                                Thomas U. Graner
                                                Florida Bar No.: 905577
                                                **GRANER PLATZEK & ALLISON, P.A**
                                                tom@granerlaw.com
                                                720 E.Palmetto Park Rd.
                                                Boca Raton, Florida 33432
                                                (561) 750-2445 Telephone
                                                (561) 750-2446 Facsimile

                                                *Attorneys for Plaintiff, Royal Palm Properties, LLC*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on February 28, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System on all counsel or parties of record on the Service List below.

                                                By:    /s/ Thomas U. Graner
                                                       Thomas U. Graner

**SERVICE LIST**

Joel B. Rothman
joel.rothman@sriplaw.com
Jerold I. Schneider
jerold.schneider@sriplaw.com
Kevin E. Cudlipp
kevin.cudlipp@sriplaw.com
**Schneider Rothman Intellectual Property Law Group PLLC**
4651 N. Federal Hwy
Boca Raton, FL 33431
Telephone: (561) 404-4350
Facsimile: (561) 404-4353
*Attorneys for Defendant, Pink Palm Properties, LLC*
*Via ECF*


Thomas U. Graner
tom@granerlaw.com
**Graner Platzek & Allison, P.A.**
720 E. Palmetto Park Road
Boca Raton, FL  33432
Telephone: (561) 750-2445
Facsimile: (561) 750-2446
*Attorneys for Plaintiff, Royal Palm Properties, LLC*
*Via ECF*


David R. Hazouri
Service@Rafool.com
**RAFOOL, LLC**
2665 South Bayshore Drive, Suite 1204
Miami, Florida 33133
Tel: 305.567.9400
Fax: 305.567.9401
*Attorneys for Plaintiff, Royal Palm Properties, LLC*
*Via ECF*