UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80476-ROSENBERG

ROYAL PALM PROPERTIES, LLC,

    Plaintiff,

v.

PINK PALM PROPERTIES, LLC,

    Defendant.
_____/

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

This cause is before the Court on Plaintiff's Motion to Dismiss Counterclaims [DE 60]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.     FACTUAL ALLEGATIONS

Plaintiff is a real estate brokerage company. DE 1 at 2. Plaintiff utilizes a trademark: "Royal Palm Properties." *Id.* Plaintiff has used this trademark in commerce since 2004. *See* discussion on page 6, *infra*. In 2011, Plaintiff filed an application for the federal registration of its trademark. DE 1 at 2. In 2012, the United States Patent and Trademark Office ("USPTO") granted Plaintiff's application. *Id.*

Defendant is also a real estate brokerage company. *Id.* at 3. In 2017, Plaintiff alleges that it became aware that Defendant, on Defendant's website, was using Plaintiff's trademark. *See id.* On April 17, 2017, Plaintiff filed the instant suit to enforce its trademark rights. In response, Defendant filed several counterclaims alleging, *inter alia*, that Plaintiff's trademark should be cancelled because it was procured by fraud. After Defendant filed its counterclaims,

Plaintiff filed the Motion to Dismiss Counterclaims presently before the Court.

## II.     STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). The facts as pled must state a claim for relief that is plausible on the face of the pleading. *Iqbal*, 556 U.S. at 678-69.

## III.     ANALYSIS

Plaintiff argues that each of Defendant's five counterclaims should be dismissed. Defendant's first counterclaim contends that Plaintiff's trademark should be cancelled because of the phrasing of the trademark.  Defendant's second counterclaim contends that it has not infringed upon Plaintiff's trademark.  Defendant's third, fourth, and fifth counterclaims contend that Plaintiff procured its trademark through fraud.  Plaintiff argues that these counterclaims should be dismissed by raising (A) a statute of limitations argument, (B) an argument that some counterclaims are duplicative of Plaintiff's own claims, and (C) an argument pertaining to the date Plaintiff's trademark was first used in commerce.  Each argument is considered in turn.

A.  **The Statute of Limitations Applicable to Defendant's Counterclaims**

Plaintiff argues that Defendant's third, fourth, and fifth counterclaims are time-barred. Each of these counterclaims contends that Plaintiff obtained its trademark through fraud. Each of these counterclaims is expressly premised on 15 U.S.C. § 1120. Section 1120 does not contain a statute of limitations. *Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140, 143 (3d Cir. 1997). As a result, courts must look to the state statute of limitations for analogous types of actions. *Id.* Because a claim for fraud under § 1120 is akin to fraud generally, courts look to the statute of limitations for fraud within the relevant state. *Id.* Pursuant to section 95.11(3)(j) of the Florida Statutes, any legal or equitable action founded on fraud must be brought within four years. In determining when the statute of limitations should begin to run for a claim under § 1120, "the constructive notice provision of the Lanham Act [provides] that registration of a mark 'shall be constructive notice of the registrant's claim of ownership thereof,'" and, therefore, the statute of limitations begins to run from the date a trademark is registered. *Beauty Time*, 118 F.3d at 148 (commenting on the district court decision); *see* 15 U.S.C. § 1072 ("Registration of a mark . . . shall be constructive notice of the registrant's claim of ownership."); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1395-96 (9th Cir. 1993) (holding that a claim under section 1120 accrued the day the trademark registration was procured in the USTPO).

Defendant does not dispute that Plaintiff registered its trademark on November 27, 2012. Defendant therefore had until November 27, 2016, to bring a cause of action against Plaintiff for the alleged false or fraudulent procurement of its trademark. This case was filed on April 17, 2017, and Defendant's counterclaims were filed on November 28, 2017. Defendant's third, fourth, and fifth counterclaims are therefore at least facially time-barred.

In response, Defendant argues that its third, fourth, and fifth counterclaims are not entirely premised on § 1120. The Court has reviewed Defendant's third, fourth, and fifth counterclaims, together with the wherefore clause for those counterclaims. Each of the counterclaims depends upon, and is premised upon, § 1120 and Defendant's allegations of fraud. While Defendant points out that it has also requested that Plaintiff's trademarks be cancelled pursuant to 15 U.S.C. § 1119 in its counterclaims,[1] the basis for Defendant to seek such a cancellation is the fraud Defendant has alleged in connection with § 1120. Defendant, despite being on notice of Plaintiff's statute of limitations argument for over three months, has not requested leave of this Court to amend its third, fourth, and fifth counterclaims to add additional legal theories that do not depend upon its allegations of fraud. Nor can the Court discern another legal theory in Defendant's third, fourth, and fifth counterclaims that would entitle Defendant to have Plaintiff's trademark cancelled. The Court therefore rejects Defendant's argument on this point.

Next,[2] Defendant argues that the time period for the statute of limitations should run not from the time Plaintiff obtained its trademark, but from the date Defendant discovered the alleged fraud. This position is inapposite with case law, and the Court rejects this argument as well. *See Zany Toys, LLC v. Pearl Enters., LLC*, No. 13-5262, 2015 U.S. Dist. LEXIS 10059, at *14 (D.N.J. Jan. 28, 2015) (holding that "a claim under 15 U.S.C. § 1120 accrued the day the trademark registration was procured in the USTPO"); *Med. Prods. Labs. v. Premier Dentals Prods. Co.*, No. 12-6051, 2013 WL 395493, at *4 (E.D. Pa. Jan. 31, 2013) ("The Lanham Act

---

[1] 15 U.S.C. § 1119 is merely an enabling statute that grants federal courts the power to "determine the right of registration" and order the cancellation of registrations, if necessary.

[2] The Court rejects without comment Plaintiff's argument pertaining to incontestability as that argument is entirely irrelevant.

4

dictates that [the] accrual date occurs upon '[r]egistration of a mark on the principal register provided by this chapter.'"); *see also* authority cited on page 3, *supra*.

In conclusion, for all of the foregoing reasons, Defendant's third, fourth, and fifth counterclaims are all time-barred and are dismissed with prejudice.

**B. <u>Plaintiff's Contention that Defendant's Second Counterclaim is Duplicative</u>**

Defendant's second counterclaim contends that Defendant did not infringe upon Plaintiff's trademark. Plaintiff argues that Defendant's second counterclaim is duplicative of Plaintiff's own claims. Even if, for the sake of argument, Defendant's second counterclaim is duplicative, this Court may still exercise its discretion to refuse to dismiss the counterclaim. *See Old Rep. Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997). Here, Plaintiff's claims and Defendant's counterclaim are premised upon the parties' differing opinions as to whether Defendant has infringed upon Plaintiff's trademark—a central issue in this case. In such situations, courts are often reluctant to dismiss counterclaims seeking declaratory relief "even when [the counterclaims are] a near 'mirror image' of the complaint, because a 'ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested'" and "defendants would not be entitled to a judgment . . . unless that [defendant] specifically requested one." *MedMarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (quoting *Procentury Inc. Co. v. Harbor House Club Condo. Assoc., Inc.*, 652 F. Supp. 2d 552 (D.N.J. 2009)). The Court exercises its discretion not to dismiss Defendant's second counterclaim as duplicative.

C. <u>**Plaintiff's First Use of its Trademark**</u>

Defendant's first counterclaim contends that Plaintiff's trademark must be cancelled because it is confusingly similar to two other federally registered trademarks: "Royale Palms" and "Royale Palms at Kingston Shores." Both of those trademarks, however, were first used in commerce *after* Plaintiff began using its own trademark in commerce.[3] Plaintiff's trademark was first used in commerce on January 1, 2004, while the other trademarks were first used in commerce on January 8, 2007. Plaintiff therefore argues that Defendant's first counterclaim must be dismissed.

As held by the Eleventh Circuit Court of Appeals, "[r]ights in a trademark are determined by the date of the mark's first use in commerce," and "[t]he party who first uses a mark in commerce is said to have priority over other users." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1080-81 (11th Cir. 2016). "As long as there is a genuine use of the mark in commerce . . . ownership may be established even if the first uses are not extensive and do not result in deep market penetration or widespread recognition." *Allard Enters., Inc. v. Advanced Programming Res.*, 146 F.3d 350, 358 (6th Cir. 1998).

Defendant's response is that the Court should not look to first *use*, but instead to the date of the trademark applications (Plaintiff's trademark application, compared to the other two trademark applications, was filed later in time). For this contention, Defendant cites to no

---

[3] Although a court may usually only consider the allegations within the four-corners of the complaint when deciding a motion to dismiss, there are exceptions to that rule. *Brown v. S. Fla. Fishing Extreme, Inc.*, No. 08-20678-CIV-GOLD, 2008 WL 2597938, at *1 (S.D. Fla. June 27, 2008). As confirmed by the Eleventh Circuit Court of Appeals, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . **Public records are among the permissible facts that a district court may consider**." *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (emphasis added) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Trademark registrations issued by the USPTO are available by way of public record. The Court therefore considers, for the purposes of the instant Motion, that the two competing trademarks that are the focus of Defendant's first counterclaim were used in commerce *after* Plaintiff's own trademark was used in commerce.

authority, instead relying upon what Defendant "has explained above" in its response. DE 61 at 8.[4] Defendant's position is belied by the statute governing this dispute, 15 U.S.C. § 1057(c), which reads as follows:

> Contingent on the registration of a mark on the principal register provided by this chapter, the filing of the application to register such mark shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration against any other person **except for a person whose mark has not been abandoned and who, prior to such filing**—
>
> **(1) has used the mark**;
>
> **(2)** has filed an application to register the mark which is pending or has resulted in registration of the mark; or
>
> **(3)** has filed a foreign application to register the mark on the basis of which he or she has acquired a right of priority, and timely files an application under section 1126(d) of this title to register the mark which is pending or has resulted in registration of the mark.

(emphasis added). Thus, Plaintiff's trademark, which was used in commerce prior to "Royale Palms" and "Royale Palms at Kingston Shores," is not invalidated by virtue of the earlier trademark application for those two marks. Plaintiff's Motion is therefore granted insofar as Defendant is precluded from arguing that Plaintiff's trademark should be cancelled because it is confusingly similar to "Royale Palms" and "Royale Palms at Kingston Shores," but the Court declines to dismiss Defendant's first counterclaim because Defendant has other grounds upon which it seeks cancellation that are not challenged by Plaintiff. *See* DE 49 at ¶¶ 52-54. As a result, Plaintiff's Motion is denied insofar as the Motion seeks to dismiss Defendant's first counterclaim.

---

[4] The Court is unable to locate any legal authority in Defendant's response germane to this specific issue.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaims [60] is **GRANTED** insofar as Defendant's third, fourth, and fifth counterclaims are **DISMISSED WITH PREJUDICE**, **GRANTED** insofar as Defendant may not argue that Plaintiff's trademark should be cancelled because it is confusingly similar to "Royale Palms" and "Royale Palms at Kingston Shores," and **DENIED** insofar Defendant's first and second counterclaims **SURVIVE**. Plaintiff shall answer Defendant's counterclaims within three (3) court days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of March, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record