UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80476-ROSENBERG/BRANNON

ROYAL PALM PROPERTIES, LLC,

    Plaintiff,

v.

PINK PALM PROPERTIES, LLC,

    Defendant.
_____/

## ORDER DENYING IN PART AND RESERVING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 90]. The Motion has been fully briefed. For the reasons set forth below, Defendant's Motion is denied in part and the Court reserves in part.

### I. UNDISPUTED FACTS

Plaintiff is a real estate brokerage company. Plaintiff holds a trademark: "Royal Palm Properties."[1] Defendant is also a real estate brokerage company. In early 2017, Plaintiff learned that Defendant was using "Royal Palm Properties" on its website, and Plaintiff demanded that its trademark be removed from the site. Although Defendant complied with Plaintiff's demand for website alterations, this lawsuit soon followed. Plaintiff alleges that Defendant misused its trademark.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] For the sake of simplicity and consistency, the Court refers to Plaintiff's service mark as either a "trademark" or a "mark."

56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## III. ANALYSIS

Defendant's Motion for Summary Judgment is brought based on two central premises. The first is that Plaintiff's trademark is invalid because it uses geographic terminology and is merely descriptive. The second is that Plaintiff's trademark infringement claim fails because Plaintiff does not possess sufficient evidence in support of that claim. The Court addresses these two issues separately below. Next, the Court analyzes Defendant's remaining arguments: that Defendant's alleged use of Plaintiff's trademark was a permissible fair use and that Plaintiff's claim fails as a matter of law because Plaintiff does not have any damages.

### A. THE CLASSIFICATION OF PLAINTIFF'S TRADEMARK

A central theme in Defendant's Motion is that Defendant characterizes Plaintiff's trademark as merely utilizing a geographic term that is used in the "descriptive" sense. In response, Plaintiff classifies its trademark as a "suggestive" trademark. A suggestive trademark is entitled to greater protection under the law than a trademark that is merely descriptive. *See Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008). Defendant supports its classification argument by representing to this Court that a district court judge in this district has previously made a finding of fact that Plaintiff's trademark is both a geographic designation and a descriptive term.[2] The Court does not rely upon Defendant's citation on this point for the reasons set forth below.

First, Defendant's citation corresponds to an order denying a motion for preliminary injunction—the district court did not sit as a finder of fact at a bench trial, nor was the case before the district court ever decided on the merits. Second, the district court's reference to "Royal Palm" as a geographic, descriptive term must be examined in context. The district court's reference to the

---

2 *Royal Palm Properties, LLC v. Premier Estate Properties*, No. 10-80232, 2010 WL 1524720 (S.D. Fla. April 15, 2010) ("*Premier Estate*").

trademark was in the context of a limited stipulation by the plaintiff (the same Plaintiff in the instant case). In the case before before the district court, *Premier Estate*, 2010 WL 1524720 at *4 n.1, the plaintiff stipulated for the purposes of the motion for preliminary injunction that its trademark was descriptive—not suggestive: "Plaintiff stipulated in its amended motion for preliminary injunction . . . that its mark is at most descriptive, *reserving the right to show at trial that the mark is suggestive*." (emphasis added). Third and finally, it is improper for a court to consider findings of fact,[3] stemming from a request for a preliminary injunction, on summary judgment. Fact findings are inconsistent with the Court's task on summary judgment, which is to determine whether genuine issues of material fact remain for trial—not to decide those issues or to weigh the evidence. *Country Floors, Inc. v. Gepner & Ford*, 930 F.2d 1056, 1062 (3d Cir. 1991); *Comprehensive Care Corp. v. Katzman*, No. 8:10-CV-942, 2011 WL 2960916, at *3 (M.D. Fla. July 21, 2011).

Based upon the district court's order in *Premier Estate* denying a motion for preliminary injunction,[4] in the context of a limited stipulation, in a case never decided on the merits, Defendant argues that "'Royal Palm' is unprotectable as a trademark." DE 90 at 6. But even a descriptive trademark is still entitled to protection—a descriptive trademark is not unprotectable as a matter of law. *See Aronowitz*, 513 F.3d at 1239. Here, Plaintiff has evidence in the form of an expert opinion that its mark is a suggestive trademark. DE 116-7 at 24. A suggestive trademark, which may refer

---

3 It is unclear to this Court whether Defendant's reference to the district court's "finding of fact" in *Premier Estate* is procedurally correct. Rather, the district court's "finding of fact" may instead be more properly deemed a conclusion of law. In either scenario, however, such a factual finding or legal conclusion is not relevant to the instant Court's analysis on summary judgment.
4 Defendant also cites to another order denying a motion for preliminary injunction: *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918, 2009 WL 6812111 (S.D. Fla. Oct. 13, 2009). Defendant also argues on pages ten through twelve of its Motion, citing authority not premised upon a request for a preliminary injunction, that Plaintiff's trademark is merely descriptive. For the reasons set forth above, however, this is a jury question and not a question for the Court.

to the characteristic of the goods sold, is inherently distinctive, *Knights Armament Co. v. Optical Systems Technology, Inc.*, 654 F.3d 1179, 1188 (11th Cir. 2011), and Plaintiff's expert report expounds upon facts that support a conclusion that Plaintiff's trademark is inherently distinctive. Unlike a motion for preliminary injunction, this Court cannot, at the motion for summary judgment stage, weigh the evidence in the record. Furthermore, all evidence in the record must be viewed in the light most favorable to Plaintiff. Because Plaintiff has evidence that its trademark is a suggestive trademark, and because that evidence is evidence upon which a reasonable juror could rely, Defendant's argument that Plaintiff's trademark is unprotectable as a matter of law, as a descriptive, geographic trademark, is unpersuasive. For all of the foregoing reasons, the Court rejects Defendant's arguments on this point.

### B. <u>**PLAINTIFF'S EVIDENCE OF TRADEMARK CONFUSION**</u>

For Plaintiff to prevail at trial, Plaintiff must show that Defendant used its trademark in commerce, without consent, and that the Defendant's use of the mark was likely to cause confusion. *Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 934 (11th Cir. 2010). Defendant argues that Plaintiff cannot show Defendant's use of Plaintiff's mark was likely to cause confusion because Plaintiff has no evidence that any particular individual was actually confused. Even if Defendant's assertion on this point is true, actual confusion is merely one factor that courts consider. *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 840 (11th Cir. 1983). Courts also consider the similarity of the marks, the products that the marks represent, the similarity of the parties, and the alleged infringer's intent. *Id.* Plaintiff has evidence in its favor for each of these factors.

Defendant used, verbatim, Plaintiff's trademark. DE 116-9 at 2. The parties both offer similar products in the marketplace—real estate. *See generally* DE 1. The parties are similar

insofar as they both are real estate brokerage companies. *Id.* Plaintiff has circumstantial evidence of Defendant's intent to cause confusion including, *inter alia*, that Defendant knew of Royal Palm Properties, the Plaintiff, when it used Plaintiff's trademark. DE 116-9 at 2. Additionally, Plaintiff points to evidence of intent in the form of Defendant's decision to change its name three times to sound similar to Plaintiff's name and Defendant's decision to target Plaintiff's clientele. *See* DE 116 at 8. Evidence of intent, standing alone, may be sufficient to justify the inference that there is confusing similarity between two trademarks. *See Tancogne v. Tomjai Enters. Corp.*, 408 F. Supp. 2d 1237, 1249 (S.D. Fla. 2005). Furthermore, the fact that the parties sell services in the same geographic area may be relevant to the inquiry as to whether Defendant's use of Plaintiff's mark was likely to cause confusion. *Tana v. Dantanna's*, 611 F.3d 767, 780 (11th Cir. 2010) ("[G]eographic considerations may be relevant to the likelihood-of-confusion analysis.").

Ultimately, "[t]here are no hard and fast rules as to how much evidence of confusion is enough. Rather, when looking at the evidence the court must take into consideration the circumstances surrounding each particular case." *Custom Mfg. & Eng'g, Inc. v. Midways Servs.,* 508 F.3d 641, 651 (11th Cir. 2007). Here, the parties are similar, their locations are similar, their services are similar, and Defendant's use of Plaintiff's trademark was verbatim. Defendant was aware of Plaintiff when it used Plaintiff's mark. Furthermore, Defendant's counsel has misrepresented the parameters of Defendant's use of Plaintiff's mark to both this Court and to Plaintiff. Defendant's counsel affirmatively misrepresented to this Court that Defendant only used Plaintiff's trademark for two weeks. Upon investigation by Plaintiff, Plaintiff discovered that Defendant's use of the trademark was potentially far more extensive than Defendant's counsel represented—possibly by a factor of *sixteen* or more. As a result, Defendant's counsel was recently

sanctioned by Magistrate Judge Brannon due to his misrepresentations on this subject. DE 128; 134.

To the extent Plaintiff has no evidence of actual confusion stemming from Defendant's use of its mark, the Court notes that this lack of evidence must be juxtaposed with the reality that, for the vast majority of this case and the discovery period, Defendant—through its counsel—improperly limited the amount of discovery that Plaintiff could seek. Judge Brannon's order requiring additional disclosures by Defendant was entered on February 16, 2018, long after discovery in this case closed and only seven days prior to the deadline for dispositive motions.

For the foregoing reasons, the Court is unpersuaded by Defendant's argument that the Court should rely solely upon Plaintiff's lack of evidence of actual confusion and ignore the other factors favoring Plaintiff. The Court concludes that Plaintiff has sufficient evidence of confusion for the issue to be submitted to a jury.

### C. **DEFENDANT'S FAIR USE DEFENSE**

Defendant argues that summary judgment should be entered in its favor because its use of the trademark was a fair use. In order to establish the affirmative defense of fair use, a defendant must show that its use of the trademark was "(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Intl'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). Here, for the same reasons that the Court finds that there is a dispute in the record as to Defendant's intent to misuse Plaintiff's trademark, similarly the Court finds that there is a dispute in the record as to whether Defendant's use of the trademark was in good faith. The Court denies summary judgment in Defendant's favor as to this affirmative defense.

### D. **DEFENDANT'S DAMAGES DEFENSE**

Defendant argues that summary judgment should entered in its favor because Plaintiff does not have any damages. As more fully explained below, the Court, for the most part, rejects this argument. First, Defendant's argument on this point, at pages 15 and 16 of its Motion, contains no citations to the record. Second, Defendant's citation to the record on damages in its statement of material facts, at page 10, does not cite to evidence that supports its proposition—Defendant's citation corresponds to *Plaintiff's* answers to interrogatories wherein Plaintiff *does* claim damages. Third, even if Plaintiff's answers to interrogatories lend support to Defendant's proposition, Plaintiff's answers are dated in December of 2017—long before Judge Brannon sanctioned Defendant's counsel for obfuscating the amount of time Defendant utilized Plaintiff's mark. Fourth and finally, Plaintiff is not required to prove what amount of Defendant's sales was attributable to Defendant's misuse of the trademark; it is Defendant's burden to prove which of its sales is *not* attributable to the alleged misuse. *See Mishawake Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 207 (1942).

Although much of Defendant's argument on this point is rejected, the Court is able to discern one point of merit in Defendant's Motion. Defendant's citation to the record on page eleven of its statement of material facts does contain support for the proposition that Plaintiff has not incurred any damages—Defendant has affirmative evidence that none of its income originated from its website during the applicable period of time. Plaintiff's refutation of this evidence is *not* supported by a citation to the record.[5] Nonetheless, Defendant's record evidence is a declaration dated February 27, 2018 [DE 104-23]. This declaration was drafted mere days after Judge

---

5 Plaintiff's failure to support a dispute of material fact with a citation to evidence contravenes the Federal Rules of Civil Procedure, Local Rule 56.1, and the Court's order of requirements at docket entry 12.

Brannon's order referenced above. The Court concludes that it would be unfairly prejudicial to Plaintiff to resolve this evidentiary issue on summary judgment in Defendant's favor on the record before this Court when Plaintiff was delayed from obtaining discovery[6] on this issue. The Court alleviates the potential prejudice to Plaintiff as follows: the Court **RESERVES** ruling on the issue of damages raised in the Motion for Summary Judgment, and Plaintiff shall have until April 16, 2018, to file an amended response, if necessary in light of the damages discovery ordered by Judge Brannon, to Defendant's statement of facts in support of its Motion for Summary Judgment. Plaintiff's amendment shall be limited to the issue of damages. If Plaintiff determines that an amended response is not necessary, then Plaintiff shall file by no later than April 16, 2018 a notice stating that no amended response will be filed.

## IV. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 90] is **RESERVED IN PART** as to Defendant's argument premised on damages and **DENIED IN PART** as to every other issue.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 6th day of April, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

6 Judge Brannon ordered Defendant to provide the discovery to Plaintiff by February 21, 2018.