UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:17-CV-80476-ROSENBERG/BRANNON

ROYAL PALM PROPERTIES, LLC,

    Plaintiff,

v.

PINK PALM PROPERTIES, LLC,

    Defendant.
_____/

# ORDER GRANTING IN PART AND DENYING IN PART
# PLAINTIFF'S AMENDED MOTION TO DISQUALIFY AND/OR EXCLUDE EXPERT

This matter is before the Court on Plaintiff's Amended Motion to Disqualify and/or Exclude Expert [106]. The Motion has been fully briefed. Upon review, the Motion is granted in part and denied in part for the reasons set forth below.

Defendant has retained an attorney-expert for trial, Mr. Mark Stein. Plaintiff characterizes this expert as somewhat akin to a co-counsel for Defendant insofar as Mr. Stein, according to Plaintiff, will argue Defendant's legal theories to the jury. As a result, Plaintiff has moved to strike or disqualify Mr. Stein. Mr. Stein's conclusions in this case are as follows:

a. RPP failed to disclose to the Examiner that the "Royal Palm" portion of its mark **ROYAL PALM PROPERTIES** identifies a geographic location and had RPP made this disclosure, a reasonable and diligent Examiner would have rejected the trademark application on the basis that the mark is primarily geographically descriptive under 15 U.S.C. §§1052(e)(2).

b. RPP failed to provide an evidence of a prior registration and failed to provide any evidence of acquired distinctiveness of the mark **ROYAL PALM PROPERTIES** and for these reasons, a reasonable and diligent Examiner should have rejected RPP's Section 2(f) Claim.

c. RPP failed to provide the Examiner with relevant and material information to RPP's Section 2(f) Claim, which omission misled the Examiner and had RPP disclosed this information, a reasonable and diligent Examiner would have rejected RPP's Section 2(f) Claim.

d. If a reasonable and diligent Examiner of the trademark application for **ROYAL PALM PROPERTIES** located either **ROYALE PALMS**, U.S. Registration No.: 3341336 and **ROYALE PALMS AT KINGSTON SHORES**, U.S. Registration No.: 3363326 in conducting a search for conflicting marks, the reasonable and diligent Examiner would have refused registration of this application on the basis that that one or both of the above marks is likely to cause confusion with the applied for mark.

DE 106-1 at 19-29. Mr. Stein's conclusions may be adequately summarized as follows: (i) Plaintiff failed to disclose certain information to the United States Patent and Trademark Office, (ii) as a result of this failure to disclose, Plaintiff was improperly granted a trademark and (iii) a trademark should not have been granted to Plaintiff. Mr. Stein's conclusions must be juxtaposed to Defendant's counterclaim to cancel Plaintiff's trademark registration. The Court addresses Mr. Stein's conclusions separately.

    **A.**    **Whether Plaintiff was Improperly Granted a Mark or Whether Plaintiff's Mark Should be Cancelled**

A court may cancel a trademark registration within five years from the initial date of registration for any reason that would have been sufficient to deny the initial registration. *Int'l Mobile Mach. Corp. v. Int'l Tele. Corp.*, 800 F.2d 1118, 1119 (Fed. Cir. 1986). Here, Plaintiff's trademark was registered on November 27, 2012. DE 60-1. This case was initiated on April 17, 2017, and is therefore within the five-year limit cited above. A sufficient basis to deny a trademark's registration is a finding that the trademark is likely to cause confusion with another mark, *CFE Racing Products,*

*Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 595 (6th Cir. 2015), and other grounds for cancellation exist as well.

Here, the jury will have to decide whether Plaintiff's trademark should be cancelled. In making that determination, the grounds for such a cancellation will be any ground that the Trademark Office could have used to deny Plaintiff's application. That is precisely the thrust of Mr. Stein's expert report. If Mr. Stein were to explain to the jury why the Trademark Office should have rejected Plaintiff's trademark application, Mr. Stein would be testifying to the legal conclusion that the jury must make, an opinion that is even further problematic since Mr. Stein is a practicing lawyer. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may not, however, merely tell the jury what result to reach. . . . A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law."). Similarly problematic, if Mr. Stein were to testify, in the abstract, as to various grounds upon which an application *could* be denied, Mr. Stein would be instructing the jury on the law since the jury will be permitted to premise its legal determination on "any reason that would have been sufficient to deny the initial registration." *Int'l Mobile Mach. Corp.*, 800 F.2d at 1119. Additionally, Mr. Stein's opinions about whether the Patent Office was "misled" are no longer relevant in this case because the Court, at docket entry 102, dismissed Defendant's counterclaims premised on fraud and deceit with prejudice.[1] Finally, in his deposition, Mr. Stein even conceded, to an extent, that some of his conclusions are equivalent to his own legal opinion. DE 106-at at 45. For these reasons, Mr. Stein's conclusions discussed above would be improper expert testimony.

---

1 Mr. Stein also appeared to concede at his deposition that Plaintiff's trademark application complied with all applicable rules. DE 106-2 at 26-27.

In response, Defendant concedes that it has been unable to locate a single case in which an expert testified on trademark applications or the propriety of the Trademark Office's granting of a trademark. DE 113 at 6. Nonetheless, Defendant cites to two patent cases for the proposition that such testimony would be appropriate in this case.[2] First, Defendant cites to a footnote in *General Battery Corp. v. Gould, Inc.*, 545 F. Supp. 731, 758 n.30 (D. Del. 1982). That footnote, which appears in the trial court's findings of fact and conclusions of law, actually undercuts Defendant's argument. The *General Battery* court merely noted that expert testimony was considered as to Patent Office practice and procedures *generally*. The *General Battery* court expressly *rejected* the notion that the expert's testimony was considerable on more substantive matters, such as whether there had been patent infringement in the case. *Id.* The trial court refused to consider the expert's opinions outside of general procedure because those opinions would have been targeted towards conclusions of law, not issues of fact. *Id.*

Defendant also cites to *Kingsdown Medical Consultants Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988), but that case is similarly unhelpful to Defendant. In *Kingsdown*, the trial court had before it a claim that the Patent Office had been deceived—that there had been fraud committed on the Patent Office. *Id.* The *Kingsdown* court had to consider evidence in the context of whether an attorney had engaged in a deception. *Id.* Thus, expert testimony was permitted that was germane to the question of whether there had been deceptive intent. *Id.* at 872. No such claim exists in the instant case because those claims have been dismissed with prejudice. Defendant has provided no legal basis on which this Court should permit Mr. Stein's testimony on the ultimate legal issue before the jury—whether Plaintiff's trademark application should have been denied—and Mr. Stein's testimony

---

2 Defendant cites to a third case, *Lucas Aerospace, Ltd. v. Unison Industries, L.P.*, No. 93-525 (D. Del. March 9, 1995), however that citation corresponds to a transcript of a pretrial conference and, due to the age of the citation in the federal PACER database, the Court is unable to review that citation.

4

is **EXCLUDED** as to this issue. Mr. Stein's testimony on any issue pertaining to deception or fraud is also **EXCLUDED** consistent with the Court's prior dismissal of Defendant's counterclaims premised on fraud with prejudice. The Court does not exclude, however, any testimony Mr. Stein may offer on Trademark Office procedures generally.

      B.      **Whether Plaintiff Failed to Disclose Certain Information to the United States Trademark Office**

Although the Court has ruled that Mr. Stein may not testify as to Plaintiff's allegedly deceptive or fraudulent trademark application, the Court notes that Mr. Stein's testimony also encompasses his opinion that Plaintiff's trademark application did not contain certain information that would have assisted the Trademark Office. Whether Plaintiff's trademark application contained all necessary information may be a factual question and may not be determinative of the ultimate issue in this case. Accordingly, Mr. Stein's testimony on this issue may be permissible.

Plaintiff points out, however, that Mr. Stein conceded at his deposition that there is no rule that required Plaintiff to put more information into its application than Plaintiff's application contained:

```
    Q.   But I think you're still glossing over my
    question.  You're telling me what I have to prove.  I'm
    asking you what is required to submit.  And you're
    trying to tell me something about the case law, what you
    have to prove.  But your affidavit says that there are
    required disclosures.  I need to know where you're --
    where are you relying on the fact that there are
    required disclosures?  I don't see any law that requires
    a disclosure.
```

> A. As I said before, there's certain minimal things that have to be in every trademark application. And my opinion, you're correct that I don't have in this report a specific reference to a case with a TMEP that says that your client was required in this exact fact pattern to disclose everything it knew. That is part of my opinion.
>
> Q. So it's fair to say that there is no TMEP that clearly states that my client is required to disclose anything other than what it submitted in its application. Is that fair to say?
>
> A. I wouldn't agree with that statement, no.
>
> Q. Tell me what is not accurate in that statement.
>
> A. Well, first of all, can you say the statement one more time?
>
> MR. GRANER: Madam court reporter can.
>
> (A portion of the record was read by the reporter.)
>
> THE WITNESS: Yeah, that's probably fair to say.

DE 106-2 at 26-27. Thus, a fair characterization of Mr. Stein's testimony might be that while Plaintiff's trademark application complied with all applicable rules, had *he personally* prepared the application he would have included additional information. It is not clear to this Court whether this testimony is permissible. The adequacy of Plaintiff's legal representation in connection with

Plaintiff's trademark application is not before this Court and, if Plaintiff was not *required* to provide additional information to the Trademark Office, testimony on this issue may implicate the claims dismissed by this Court with prejudice. In an abundance of caution, however, the Court **DENIES WITHOUT PREJUDICE** any request by Plaintiff to exclude testimony on whether Plaintiff's trademark application should have contained additional information. In reaching a determination on this issue, the Court will be guided by the proposed jury instructions of the parties—which have not yet been filed—and by the evidence introduced at trial. Should Defendant desire to elicit testimony on this issue, the Court will hear argument at trial outside of the presence of the jury.

The Court addresses one final matter. The Court does not exclude, at this juncture, any testimony Mr. Stein may offer to rebut Plaintiff's own expert witness. It is unclear to this Court whether Plaintiff seeks to strike this testimony and, if so, the grounds upon which Plaintiff would seek to do so.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** as more fully set forth in this Order.[3]

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of May, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[3] Plaintiff's arguments premised upon the sufficiency of Mr. Stein's expert report are denied without comment on the grounds that Plaintiff was not prejudiced by the alleged deficiencies in Mr. Stein's expert report.